UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KAY XIONG YANG,

    Petitioner,

v.                                                    Case No. 25-CV-876-SCD

STATE OF WISCONSIN,
OZAUKEE COUNTY,
JAMES K. MEUHLBAUER,
SANDY A. WILLIAMS,
ADAM Y. GEROL,
KRISTIAN K. LINDO, and
DOES 1–100,

    Respondents.

---

## REPORT AND RECOMMENDATION

Kay Xiong Yang is well-known to the Wisconsin courts. Her legal troubles began in state court, when her lender commenced a forfeiture action after Yang failed to make her mortgage payments. *See* Defs.' Mem. at 3–4, *Yang v. Wisconsin*, No. 25-cv-00753-SCD (E.D. Wis. June 17, 2025), ECF No. 9.[1] Yang did not respond to the foreclosure complaint, the state court entered a foreclosure judgment, and the foreclosed property was sold to a third party in May 2022 at a public auction. Thereafter, Yang unsuccessfully challenged the foreclosure judgment in state court.

---

[1] A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases where courts took judicial notice of public records and government records).

In January 2024, the State of Wisconsin charged Yang with four counts of criminal slander of title related to her placing fraudulent liens on the foreclosed property. *See* Compl., Ex. K, *Yang v. Wisconsin*, No. 25-cv-00753-SCD (E.D. Wis. May 23, 2025), ECF No. 1-3 at 124–29. After being convicted of all four counts following a jury trial, *see State v. Yang*, Ozaukee Cty. Cir. Ct. Case No. 2024CF000031, https://wcca.wicourts.gov/, Yang filed a federal complaint seeking to halt her sentencing, *see* Compl., *Yang v. Wisconsin*, No. 25-cv-00753-SCD (E.D. Wis. May 23, 2025), ECF No. 1, but Judge Ludwig denied her request for emergency injunctive relief, *see* Order, *Yang v. Wisconsin*, No. 25-cv-00753-SCD (E.D. Wis. June 18, 2025), ECF No. 11. On June 19, 2025, Yang was sentenced to several years in prison on the state charges. *See* Ozaukee Cty. Cir. Ct. Case No. 24CF31. A judgment of conviction was entered the following day.

Meanwhile, Yang was indicted in federal court for wire fraud, engaging in unlawful monetary transactions, and filing false retaliatory liens. *See* Indict., *United States v. Yang*, No. 25-cr-00097-BHL (E.D. Wis. May 20, 2025), ECF No. 1.

In this federal action, Yang seeks a petition for a writ of habeas corpus to redress "ongoing constitutional violations perpetuated within the State of Wisconsin and enforced under color of non-legislative enactments." Pet. 3, ECF No. 1. Yang cites various authority for her habeas petition, including common law (via the Magna Carta and the Northwest Ordinance of 1787), the Wisconsin state constitution, and the Suspension Clause of the U.S. Constitution. *See id.* at 3–11. She expressly disclaims seeking relief under the federal habeas statutes, essentially arguing that those statutes are unconstitutional. *See id.* at 4–7, 10–11, 16, 19–20.

"A petitioner cannot evade AEDPA's requirements through creative labeling." *Smith v. Hepp*, No. 17-2536, 2018 WL 11442767, 2018 U.S. App. LEXIS 38793, at *2 (7th Cir. Mar. 7, 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). A state prisoner may seek federal habeas relief "on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Seventh Circuit has explained that, while 28 U.S.C. § 2254 does not contain any exclusivity language, "as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." *Walker*, 216 F.3d at 633; *see also Benefiel v. Davis*, 403 F.3d 825, 827 (7th Cir. 2005) ("There is no constitutional entitlement to post-judgment collateral review by the inferior federal courts."); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (noting that "the writ protected by the Constitution is the writ known in 1789—the pretrial writ used to thwart unjustified detention by the executive branch—and not the statutory extensions of collateral review later enacted by Congress").

It is undisputed that Yang is a state prisoner and that this action seeks collateral review of her state conviction. Yang was convicted on June 20, 2025, and it appears she remains in state custody. *See* Ozaukee Cty. Cir. Ct. Case No. 24CF31; *see also* Ct. Mins., *United States v. Yang*, No. 25-cr-00097-BHL (E.D. Wis. July 9, 2025), ECF No. 12. In her federal habeas petition, Yang alleges that her constitutional rights were violated during her state criminal proceedings, and she seeks "immediate discharge from any and all forms of custody, supervision, or process." *See* Pet. 3–4, 11–14. That is a quintessential § 2254 habeas action. Thus, Yang's "exclusive source of relief is under the federal habeas corpus statute, with its

3

attendant requirement of exhaustion of state remedies." *Davis v. Hill*, No. 86 C 4592, 1986 WL 355, 1986 U.S. Dist. LEXIS 22768, at *7–8 (N.D. Ill. July 15, 1986).

"Before seeking a federal habeas writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), . . . thereby giving the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' [her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66).

Yang has not exhausted her available state-court remedies. She was just convicted several weeks ago, and while it appears she intends to seek state post-conviction relief, she has not yet done so. *See* Ozaukee Cty. Cir. Ct. Case No. 24CF31. Thus, her federal habeas petition is premature. Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Accordingly, the clerk of court shall assign this matter to a district judge to consider my recommendation that the petition for writ of habeas corpus, ECF No. 1, be **DENIED without prejudice** and that this action be **DISMISSED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a

4

waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge